**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **PERDIEMCO, LLC**, a Texas limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **GPS INSIGHT, LLC,** an Arizona limited liability company, <br><br> Defendant. | C.A. No. 1:20-cv-3466 <br><br><br> **JURY TRIAL DEMANDED** <br><br> **PATENT CASE** |

## COMPLAINT FOR PATENT INFRINGEMENT

PerDiemCo, LLC ("PerDiem") files this Complaint against defendant, GPS Insight, LLC (hereafter, "GPS Insight" or "Defendant"), and alleges the following:

## NATURE OF THE ACTION

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, involving infringement of patents-in-suit identified by U.S. Patent Nos. 10,602,364 ("the '364 patent"), 10,397,789 ("the '789 patent"), 10,382,966 ("the '966 patent"), 10,284,662 ("the '662 patent"), 10,277,689 ("the '689 patent"); 10,104,198 (the '198 patent), 9,871,874 ("the '874 patent") and 9,680,941 ("the '941 patent") (collectively the "PerDiem patents-in-suit").

**THE PARTIES**

2.     Plaintiff PerDiem is a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 205, Marshall, TX 75670.

3.     On information and belief, Defendant GPS Insight is a limited liability company organized and existing under the laws of Arizona, with its principal place of business at 7323 E. Alta Sierra Dr., Scottsdale, AZ 85262.

4.     On information and belief, GPS Insight maintains offices within this District at 1142 W. Madison St., No. 402, Chicago, Illinois 60607, and 1 Tower Lane, Oakbrook Terrace, IL 60181.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and §1338(a) (any Act of Congress relating to patents or trademarks).

6.     Defendant maintains continuous and systematic contacts within this District by selling and offering for sale products and services to customers within this District, and by offering for sale products and services that within this District.

7.     This Court has specific personal jurisdiction over Defendants pursuant to due process and the Illinois Long-Arm Statute because Defendants, directly or through intermediaries, have conducted and conduct substantial business in this forum, including but not limited to: (i) engaging in at least part of the alleged infringing acts; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of

conduct, or deriving substantial revenue from goods and services provided to individuals in Illinois and this District.

8.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Defendant transacts business within this District and offers for sale in this District, products that infringe the PerDiem Patents-in-Suit.  Moreover, venue is proper because PerDiem has suffered harm in this District.

## BACKGROUND

### *PerDiem's Technology and The Patents In Suit*

9.      PerDiem has protected its innovative technology through a broad range of intellectual property rights.  Among the patents that PerDiem has awarded are the patents listed below, attached as Exhibits A-H, to which PerDiem owns all rights, title, and interest.

10.      Darrell Diem, the inventor of the patents-in-suit, served in the Air Force for four years as an electronics technician. After being honorably discharged, Mr. Diem worked his way through college to earn degrees in physics and mathematics from Marquette University. Mr. Diem also obtained a Masters of Business Administration from Michigan State University, and a Masters of Arts in Pastoral Ministries from St. Thomas University, Miami, Florida. Mr. Diem has worked for Motorola, Harris Corporation, Time Domain, and other leading technology companies. Mr. Diem currently teaches computers to students at St. John the Baptist Catholic School.

11.      Mr. Diem conceived the inventions in the patents-in-suit when his daughter's car broke down on a long road trip.  Mr. Diem wanted to convey location information for his daughter in an efficient way that would still protect her privacy.  Mr. Diem invested heavily in both effort and expense to develop the patented technology.  Mr. Diem's

3

inventions, which have a broad range of significant applications, are widely used today.  Mr. Diem has made the tracking service he developed available to the public since at least May of 2005.

12.    The '874 patent, titled "A multi-level database management system and method for an object tracking service that protects user privacy," was duly and legally issued by the United States Patent and Trademark Office on January 16, 2018.  A copy of the '874 patent is attached as Exhibit A.

13.    The '689 patent, titled "Method for controlling conveyance of events by driver administrator of vehicles equipped with ELDs," was duly and legally issued by the United States Patent and Trademark Office on April 30, 2019.  A copy of the '689 patent is attached as Exhibit B.

14.    The '662 patent, titled "Electronic logging devices (ELD) for tracking driver of a vehicle in different tracking modes," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2019.  A copy of the '662 patent is attached as Exhibit C.

15.    The '941 patent, titled, "A location tracking system conveying event information based on administrator authorizations," was duly and legally issued by the United States Patent and Trademark Office on June 13, 2017.  A copy of the '941 patent is attached as Exhibit D.

16.    The '966 patent, titled, "A computing device carried by a vehicle for tracking driving events in a zone using location and event log files," was duly and legally issued by the United States Patent and Trademark Office on August 13, 2019.  A copy of the '966 patent is attached as Exhibit E.

17.    The '789 patent, titled, "Method for controlling conveyance of event information about carriers of mobile device based on location information received from

4

location information sources used by the mobile devices," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2019. A copy of the '789 patent is attached as Exhibit F.

18.     The '198 patent, titled, "Software-based mobile tracking service with video streaming when events occur," was duly and legally issued by the United States Patent and Trademark Office on July 10, 2018. A copy of the '198 patent is attached as Exhibit G.

19.     The '364 patent, titled, "A method for conveyances of event information to individuals interested in locating drivers using mobile devices having phone numbers," was duly and legally issued by the United States Patent and Trademark Office on March 24, 2020. A copy of the '364 patent is attached as Exhibit H.

20.     Each of the foregoing patents, referred to collectively as the asserted patents, is valid and enforceable.

21.     PerDiem is the exclusive owner of all right, title, and interest in each of the asserted patents PerDiem has the right to bring this action to recover damages for any current or past infringement of these patents. Plaintiff PerDiem has never granted GPS Insight a license to practice any of the asserted patents.

### PerDiem's Geofencing Patents

22.     The inventions claimed in at least the '874, '941, '198, '789 and '364 patents represent an improvement over preexisting location tracking systems. More specifically, the claims of these patents are directed to an improved location tracking system that tracks locations of a plurality of mobile objects or devices in a network employed to provide a tracking service that sends notifications or alerts after group event conditions which are based on locations of grouped tracked objects are met.

5

23.     Group event conditions may relate to mobile object/device locations and a zone where the occurrence of an event causes an alert/notification to be sent when grouped vehicles equipped with GPS devices cross a boundary.

24.     The claimed inventions provide an improvement over conventional networks by providing a reliable and efficient way to the service subscribers to track objects and convey the notifications only to authorized recipients.  The claimed inventions provide this benefit by creating multiple levels of administrative privileges and applying multiple levels of access control by checking the privileges.

25.     The multiple levels of administrative privileges include a first level of administrative privilege used by a system administrator of the tracking service for controlling user membership in groups specified by the administrator and a second level of privilege being assigned to a second administrator, *e.g*., a service subscriber, in each group by the system administrator for controlling conveyance of the notifications in the corresponding group such that the administrator having the first level of administrative privilege does not exercise the second level of administrative privilege.

26.     Under this claimed structure, the second administrator has complete control over who receives the notifications in the group independent of the system administrator and second administrators of other groups.  Interfaces are provided to the second administrator allow for setting event conditions and alert/notifications for the group.

27.     As claimed, a first level of access control allows the second administrator to specify an event condition, *i.e.,* a geo-fence, for the group and specify an access list such that only identified authorized users on the access list can receive the notification

6

information, thereby providing total privacy to the second administrators. A second level of access control allows authorized recipients to access the notifications/alerts.

### *PERDIEM'S ELECTRONIC LOGGING DEVICE (ELD) PATENTS*

28. The inventions claimed in at least the '662, '689, '966, '789, and '364 patents are directed to improved mobile computing devices known as ELDs, which are carried in vehicles. The claimed ELDs execute location tracking applications ("LTAs"), and the claimed ELD system and improved method control conveyance of driving event information in a tracking service. The tracking service has a system administrator that manages privileges of the authorized users, including administrators of groups of drivers (driver administrators) of the service who log into user accounts as subscribers in a database management system application ("DBMSA") executed in a server.

29. The claimed improvements are directed to using multiple levels of privileges that allow driver access to recorded event log files for driving events that occur after detecting that the vehicles are powered-on, which causes locating the drivers and recording movement and non-movement driving events into the event log files.

30. The claimed inventions provide that benefit by allowing the drivers to use the LTAs to log into driver user accounts over a wireless interface provided by the computing devices and edit, write or enter information into the event log files and sending notifications to one or more recipients who are authorized by a driver administrator to receive the recorded driving event information.

## PERDIEM'S PATENT LITIGATION HISTORY

31.     The patents-in-suit all claim priority to U.S. Provisional Patent Application No. 60/752,879, filed on December 23, 2005.

32.     The patent family to which the eight patents-in-suit belong are part of a larger portfolio of patents, with all patents in that portfolio claiming priority to the application filed on December 23, 2005.  Several of the patents within that portfolio have been subject to extensive federal court litigation in the Eastern District of Texas (the "EDTX Litigations") involving eleven (11) companies who settled with PerDiem after filing more than ten *inter partes* reviews ("IPRs") challenging the validity of PerDiem's patents at the United States Patent and Trademark Office ("USPTO") based on prior art.  All settlements in the EDTX litigations resulted in licensing agreements where PerDiem was compensated.

33.     In the EDTX Litigations, the Magistrate Judge construed the claims according to CLAIM CONSTRUCTION MEMORANDUM AND ORDER, attached as Exhibit I, which was adopted by the District Court.

34.     In his REPORT AND RECOMMENDATION, attached as Exhibit J, the Magistrate confirmed that the claims at issue are eligible subject matter under 35 U.S.C. § 101 and that the specification supports the claims under 35 U.S.C. § 112.  The District Court adopted the REPORT AND RECOMMENDATION.

## THE ACCUSED PRODUCTS AND SERVICES

35.     PerDiem has concluded after careful review of publicly available information that Defendant's accused products and services infringe one or more claims of the asserted patents by applying the adopted claim construction during the EDTX litigations.

36.     GPS Insight makes, uses, sells, offers for sale, and/or imports products and services that infringe the patents-in-suit. GPS Insight's product offerings infringe PerDiem's ELD and geo-fencing patents.

37.     More specifically, GPS Insight's ELD and geo-fencing products and services are available through web-based fleet management applications with its ELD products and services marketed as GPS Insight "eFleetSuite" and "MobileELD" and its geo-fencing products and services marketed as "GPS Insight Solutions Basic, Standard and Enterprise" ("the Accused Products and Services").

38.     On information and belief, PerDiem contends that GPS Insight makes, uses, sells, or offers for sale products and services that infringe each of the asserted patents, as set forth in more detail below in connection with Exhibits K through R, which are exemplary infringement claim charts for the asserted claims of the asserted patents, each of which is incorporated by reference.

39.     The asserted patents all issued after the USPTO examiner considered all prior art cited during the prior EDTX Litigations and the IPRs.  The Asserted Patents in this action have the same ownership history and specification as those reviewed by Judge Gilstrap.

## PLAINTIFF'S PRE-FILING INTERACTIONS WITH DEFENDANT

40.     On April 30, 2019, Plaintiff's attorneys sent a letter to GPS Insight's offices in Arizona to inform GPS Insight that PerDiem owned several patents that were believed to cover GPS Insight's Accused Products and Services.

41.     Plaintiff's April 30 letter invited GPS Insight to review the five patents identified in that letter (the '662, '689, '874, '941, and '198 patents) and the exemplary claim

charts PerDiem provided with that letter to assist GPS Insight's understanding how PerDiem believed its patent claims relate to GPS Insight's Accused Products and Services.

42.     Plaintiff's April 30, 2019 letter asked GPS Insight to review that information and to advise if it believed that PerDiem's understanding of the Accused Products and Services was inaccurate or to explain why GPS Insight believed PerDiem's patent claims do not relate to the Accused Product and Services.  GPS Insight did neither, and no communication was received from GPS Insight.

43.     Five months later, on October 2, 2019, GPS Insight filed a declaratory judgment action against PerDiem, alleging both patent invalidity and non-infringement of twenty-two (22) PerDiem patents, including 5 expired patents.  GPS Insight's filing also accused PerDiem of having enforced all twenty-two (22) in bad faith and asserted an allegation that PerDiem violated Arizona's Patent Anti-Troll Act (Arizona Laws § 44-1421).

44.     PerDiem moved to dismiss the Declaratory Judgment action GPS Insight filed in the Arizona District Court for lack of personal jurisdiction over PerDiem and for failing to state a claim upon which relief may be granted.  On June 12, 2020, the Arizona District Court granted that motion and dismissed GPSI's complaint.

45.     The infringement claims recited below present infringement claims for the five (5) patents PerDiem wrote to GPS Insight about on April 30, 2019, namely, the '662, '689, '874, '941, and '198 patents, and three (3) patents the USPTO issued to PerDiem after April 30, 2019, namely, the '364, '789, and '966 patents.

## COUNT I – INFRINGEMENT OF THE '662 PATENT

46.      Paragraphs 1 through 45 are incorporated by reference as if fully stated in the Complaint.

10

47.     On information and belief, GPS Insight infringes the '662 Patent by, *inter alia*, making, using, selling, offering for sale within the United States, and/or importing into the United States the Accused Products and/or components covered by one or more claims of the '662 Patent.  GPS Insight has acted without authority or license from PerDiem in violation of 35 U.S.C. § 271(a).  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '662 patent with a feature of the GPS Insight Accused Products and Services is attached as Exhibit K, which is incorporated by reference.

48.     On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '662 patent.

49.     GPS Insight had prior knowledge and notice of the '662 patent and its infringement through prior communications with PerDiem.

50.     On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '662 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States.  GPS Insight has done so with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '662 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive

11

data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

51.     On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including its customers, of one or more claims of the '662 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '662 patent, knowing that those products are made or adapted to infringe the '662 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

52.     PerDiem has been and continues to be damaged by GPS Insight's infringement of the '662 patent.

53.     Having knowledge of the '662 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '662 patent.

54.     On information and belief, GPS Insight has willfully infringed the '662 patent and continues to do so.

55.     The conduct by GPS Insight in infringing the '662 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '689 PATENT

56.     Paragraphs 1 through 55 are incorporated by reference as if fully stated in the Complaint.

57.     On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '689 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '689 patent with a feature of the GPS Insight's Accused product offering is attached as Exhibit L, which is incorporated by reference.

58.     On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '689 patent.

59.     GPS Insight had prior knowledge and notice of the '689 patent and its infringement through prior communications with PerDiem.

60.     On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '689 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States those products and services, for their

13

intended purpose to infringe the '689 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

61.     On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '689 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '689 patent, knowing that those products are made or adapted to infringe the '689 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

62.     PerDiem has been and continues to be damaged by GPS Insight's infringement of the '689 patent.

63.     Having had prior knowledge of the '689 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '689 patent.

64.     On information and belief, GPS Insight has willfully infringed the '689 patent and continues to do so.

65.     The conduct by GPS Insight in infringing the '689 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

14

## COUNT III – INFRINGEMENT OF THE '941 PATENT

66.     Paragraphs 1 through 65 are incorporated by reference as if fully stated in the Complaint.

67.     On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '941 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '941 patent with a feature of GPS Insight's product offering is attached as Exhibit M, which is incorporated by reference.

68.     On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '941 patent.

69.     GPS Insight had prior knowledge and notice of the '941 patent and its infringement through prior communications with PerDiem and the filing and service of the Counterclaims in this action.

70.     On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '941 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties

will use, sell, and/or offer for sale in the United States the Accused Products and Services, for their intended purpose to infringe the '941 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

71.     On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '941 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '941 patent, knowing that those products are made or adapted to infringe the '941 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

72.     PerDiem has been and continues to be damaged by GPS Insight's infringement of the '941 patent.

73.     Having knowledge of the '941 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '941 patent.

74.     GPS Insight has willfully infringed the '941 patent and continues to do so.

75.     The conduct by GPS Insight in infringing the '941 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '966 PATENT

76.     Paragraphs 1 through 75 are incorporated by reference as if fully stated in the Complaint.

77.     On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '966 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '966 patent with a feature of the GPS Insight's Accused product offering is attached as Exhibit N, which is incorporated by reference.

78.     On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '966 patent.

79.     GPS Insight had prior knowledge and notice of the '966 patent and its infringement through prior communications with PerDiem.

80.     On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '966 patent by, for example, selling or otherwise supplying the Accused

Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '966 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

81.    On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '966 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '966 patent, knowing that those products are made or adapted to infringe the '966 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

82.    PerDiem has been and continues to be damaged by GPS Insight's infringement of the '966 patent.

83.    Having knowledge of the '966 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '966 patent.

84.    GPS Insight has willfully infringed the '966 patent and continues to do so.

18

85.     The conduct by GPS Insight in infringing the '966 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V – INFRINGEMENT OF THE '789 PATENT

86.     Paragraphs 1 through 85 are incorporated by reference as if fully stated in the Complaint.

87.     On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services.  An exemplary claim chart detailing the correspondence of every element of claims 1, 12, and 17 of the '789 patent with a feature of the GPS Insight's Accused product offering is attached as Exhibit O, which is incorporated by reference.

88.     On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '789 patent.

89.     GPS Insight had prior knowledge and notice of the '789 patent and its infringement through prior communications with PerDiem.

90.     On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '789 patent by, for example, selling or otherwise supplying the Accused

Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '789 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

91.     On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '789 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '789 patent, knowing that those products are made or adapted to infringe the '789 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

92.     PerDiem has been and continues to be damaged by GPS Insight's infringement of the '789 patent.

93.     Having knowledge of the '789 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '966 patent.

94.     GPS Insight has willfully infringed the '789 patent and continues to do so.

95.     The conduct by GPS Insight in infringing the '789 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF THE '198 PATENT

96.     Paragraphs 1 through 95 are incorporated by reference as if fully stated in the Complaint.

97.     On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '198 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '198 patent with a feature of the GPS Insight's Accused Product and Services is attached as Exhibit P, which is incorporated by reference.

98.     On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '198 patent.

99.     GPS Insight had prior knowledge and notice of the '198 patent and its infringement through prior communications with PerDiem.

100.    On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '198 patent by, for example, selling or otherwise supplying the Accused

products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '198 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

101. On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '198 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '198 patent, knowing that those products are made or adapted to infringe the '198 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

102. PerDiem has been and continues to be damaged by GPS Insight's infringement of the '198 patent.

103. Having knowledge of the '198 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '198 patent.

104. GPS Insight has willfully infringed the '198 patent and continues to do so.

105.    The conduct by GPS Insight in infringing the '198 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VII – INFRINGEMENT OF THE '874 PATENT

106.    Paragraphs 1 through 105 are incorporated by reference as if fully stated in the Complaint.

107.    On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '874 patent.  An exemplary claim chart detailing the correspondence of every element of claim 11 of the '874 patent with a feature of the GPS Insight's Accused Product and Services is attached as Exhibit Q, which is incorporated by reference.

108.    On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '874 patent.

109.    GPS Insight had prior knowledge and notice of the '874 patent and its infringement through prior communications with PerDiem.

110.    On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '874 patent by, for example, selling or otherwise supplying the Accused

products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '874 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

111.    On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '874 patent, including at least claim 11, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '874 patent, knowing that those products are made or adapted to infringe the '874 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

112.    PerDiem has been and continues to be damaged by GPS Insight's infringement of the '874 patent.

113.    Having knowledge of the '874 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '874 patent.

114.    GPS Insight has willfully infringed the '874 patent and continues to do so.

115.    The conduct by GPS Insight in infringing the '874 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VIII – INFRINGEMENT OF THE '364 PATENT

116.    Paragraphs 1 through 115 are incorporated by reference as if fully stated in the Complaint.

117.    On information and belief, GPS Insight has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '364 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '364 patent.  An exemplary claim chart detailing the correspondence of every element of claims 3-6, 8-10, and 12-20 of the '364 patent with a feature of the GPS Insight's Accused Product and Services is attached as Exhibit R, which is incorporated by reference.

118.    On information and belief, third parties, including GPS Insight's customers, have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '364 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States to infringe one or more claims of the '364 patent.

119.    GPS Insight had prior knowledge and notice of the '364 patent and its infringement through prior communications with PerDiem.

120.    On information and belief, GPS Insight has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  GPS Insight has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce,

infringement of the '364 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '364 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

121. On information and belief, GPS Insight has contributed to and continues to contribute to the infringement by third parties, including their customers, of one or more claims of the '364 patent, including at least claims 3-6, 8-10, 12-20, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '364 patent, knowing that those products are made or adapted to infringe the '364 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

122. PerDiem has been and continues to be damaged by GPS Insight's infringement of the '364 patent.

123. Having knowledge of the '364 patent, GPS Insight knows or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '364 patent.

124.    GPS Insight has willfully infringed the '364 patent and continues to do so.

125.    The conduct by GPS Insight in infringing the '364 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER OF RELIEF**

PerDiem respectfully requests the Court enter judgment against GPS Insight as follows:

A.    That GPS Insight has infringed each of the patents-in-suit;

B.    That PerDiem be awarded all damages adequate to compensate it for GPS Insight's infringement of the patents-in-suit, such damages to be determined by a jury with pre-judgment and post-judgment interest;

C.    A judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.    An order permanently enjoining GPS Insight and its officers, agents, servants, and employees, privies, and all persons in concert or participation with it, from further infringement of the patents-in-suit;

E.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that PerDiem be awarded attorney fees, costs, and expenses incurred relating to this action; and

F.    That PerDiem be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PerDiem demands a trial by jury on all issues so triable.

Dated: June 12, 2020                    Respectfully Submitted,


By:     /s/ Meredith. M. Addy
        Meredith M. Addy
        meredith@addyhart.com
        Robert Hart
        robert@addyhart.com
        **ADDYHART P.C.**
        401 N. Michigan Ave.
        Suite 1200-1
        Chicago, IL 60611
        312.320.4200


        *Attorneys for Plaintiff PerDiemCo, LLC*